AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)     ☐ Original     ☐ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| United States of America<br><br>v.<br><br>DUANE ALLEN FREEMAN,<br><br>Defendant. | Case No.   2:23-mj-05698 -DUTY |

FILED
CLERK, U.S. DISTRICT COURT
11/3/2023
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ JB _____ DEPUTY

## CRIMINAL COMPLAINT BY TELEPHONE
## OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about October 20, 2023, in the county of Los Angeles in the Central District of California, the defendant violated:

*Code Section*  
18 USC 922(g)

*Offense Description*  
Felon in possession of ammunition

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

/s/ Deanna Quesada
*Complainant's signature*

Deanna Quesada, ATF TFO
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone. Date: Nov. 3, 2023 at 5:28 p.m.

*Judge's signature*

City and state:  Los Angeles, California

Hon. Margo A. Rocconi
*Printed name and title*

AUSA: J'me Forrest, x0882

**AFFIDAVIT**

I, Deanna Quesada, being duly sworn, declare and state as follows:

**PURPOSE OF AFFIDAVIT**

1. This affidavit is made in support of a criminal complaint and arrest warrant against DUANE ALLEN FREEMAN ("FREEMAN") for a violation of 18 U.S.C. § 922(g)(1): Felon in Possession of Ammunition.

2. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and arrest warrant and does not purport to set forth all my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and part only.

**BACKGROUND OF AFFIANT**

3. I am a Deputized Task Force Officer ("TFO"), with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), currently assigned to the Los Angeles Field Office, Group 1, where I investigate cases involving the illegal use, sale, and possession of firearms, ammunition, and narcotics.

4. I have been employed by the City of Los Angeles as a Peace Officer for approximately fifteen and a half years. As a Police Officer and TFO, I have received training in state and

2

federal firearms laws, undercover operations, confidential source handling, drug identification, state and federal drug laws, and various surveillance and investigative techniques. I regularly refer to these laws and regulations during the course of my duties and have written and participated in the execution of several state and federal search and arrest warrants in violation of these laws. I have participated in undercover operations and conducted surveillance of individuals committing crimes of violence, narcotics trafficking, as well as prohibited persons in possession of firearms.

5. During my tenure as a Peace Officer and a TFO, I have participated in the investigation, surveillance, and arrest of numerous firearms and drug traffickers. I also consult regularly with experienced investigators concerning the methods and practices of firearms and narcotics traffickers. Through my experience and training, I have become familiar with the illicit manner in which firearms are acquired and controlled substances are imported, manufactured, distributed, and sold. I have also attended courses that provided training in narcotics investigative techniques, and courses that described firearm and narcotics trafficking and distribution methods used by criminal organizations.

6. I have become familiar with the efforts of individuals engaged in the importation, smuggling, manufacturing, distribution, and sale of firearms and controlled substances to avoid detection and apprehension by law enforcement officers.

**SUMMARY OF PROBABLE CAUSE**

7. On October 20, 2023, Los Angeles Police Department ("LAPD") officers saw FREEMAN standing with three other individuals while patrolling in a known gang and narcotics area. After FREEMAN became aware of police presence and the officers exited their vehicle to approach, FREEMAN immediately fled. While in pursuit, an officer saw FREEMAN remove a bag from his person and throw it into a nearby backyard. Officers apprehended FREEMAN and canvassed the yard and located a Polymer 80 non-serialized personal manufactured firearm (or "ghost gun") with 24 live rounds of 9mm ammunition. All the ammunition was discovered to be manufactured outside the state of California.

8. As discussed below, FREEMAN has a criminal history that includes felony convictions for burglary and robbery.

**STATEMENT OF PROBABLE CAUSE**

9. Based on my review of law enforcement reports, conversations with other law enforcement officers, and my own knowledge of the investigation, I am aware of the following:

    **A.    LAPD Patrol Officers Attempt to Contact FREEMAN and He Flees**

10. At approximately 7:30 p.m., on October 20, 2023, two LAPD officers working the 77th Street Division Gang Enforcement Detail were in full uniform driving a marked police vehicle conducting crime suppression due to gang activity and recent shootings in the area.

4

11. While driving, the officers saw FREEMAN standing with three other individuals in a known gang and narcotics area in which two large street gangs share a border.

12. The officers noticed FREEMAN look in their direction and become aware of police presence. As officers approached, they saw that FREEMAN had a bag across his chest. Officers proceeded to exit their vehicle to approach FREEMAN, and he immediately fled eastbound on 71st Street holding onto the bag strapped across his chest.

13. Officers requested backup and pursued FREEMAN on foot.

14. While in pursuit, an officer saw FREEMAN remove the bag he was carrying and throw it in the backyard of a residence on 71st Street. FREEMAN ran for approximately one block and stopped at the end of a driveway on 71st Street.

15. Officers detained FREEMAN pending the investigation.

16. Officers then searched the backyard of the residence on 71st Street where FREEMAN threw his bag. After obtaining consent, they canvassed the backyard and located the bag, which contained a Polymer 80 non-serialized personal manufactured firearm (or "ghost gun"). The firearm was loaded with a high-capacity magazine containing 24 live rounds of 9mm ammunition.

**B.   FREEMAN, After Waiving His <u>Miranda</u> Rights, Admits to Possessing the Handgun and Ammunition**

17. Based on the information above, LAPD officers took custody of FREEMAN, the handgun, its corresponding magazine, and ammunition.

18. During an interview, after waiving his Miranda rights, admitted to possessing the handgun and ammunition. Specifically, "You know, like I said, I can't be, I know it's not supposed to be, but it's just how, you know what I mean? How am I supposed to be when I'm in this life and on the street?"

19. LAPD officers arrested FREEMAN for a violation of California Penal Code §29800(A)(1): Convicted Felon in Possession of a Firearm.  The officers later booked the handgun and the ammunition as evidence.

    C.    **FREEMAN's Felony Criminal History**

20. I have reviewed FREEMAN's criminal history records and learned that he has previously been convicted of the following felony crimes punishable by a term of imprisonment exceeding one year:

    a.   On or about September 14, 2012, FREEMAN was convicted of a violation of California Penal Code § 459: Burglary, in the Superior Court of the State of California, County of Los Angeles, Case number YA084020; and

    b.   On or about April 22, 2014, FREEMAN was convicted of a violation of California Penal Code § 211: Robbery – 1st degree, in the Superior Court of the State of California, County of Los Angeles, Case number SA084277.

    c.   After receiving three years' probation for burglary, FREEMAN's probation was ultimately revoked, and he was sentenced to four years' prison.

**D.    Interstate Nexus**

21. On October 26, 2023, ATF, Interstate Nexus Expert, Special Agent ("SA") Michael Montevidoni examined the ammunition seized from FREEMAN. SA Montevidoni confirmed that all ammunition was manufactured outside of the State of California. Because the ammunition was found in California, I believe that they have traveled in and affected interstate commerce.

## CONCLUSION

22. For all of the reasons described above, there is probable cause to believe that FREEMAN has committed a violation of 18 U.S.C. § 922(g)(1): Felon in Possession of Ammunition.

Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this __3rd__ day of
November 2023 at 5:28 p.m.

_____
MARGO A. ROCCONI
UNITED STATES MAGISTRATE JUDGE